FILED
US DISTRICT COURT
DISTRICT OF ALASKA

UNITED STATES DISTRICT COURT

2005 DEC 20 PM 4: 20

DISTRICT OF ALASKA AT ANCHORAGE

WILLIAM R. BAILEY,                      )
                                        )
     Plaintiff,                         )
                                        )
vs.                                     )
                                        )
                                        )
STATE OF ALASKA, DEPARTMENT OF          )
CORRECTIONS, MIKE ADDINGTON,            )
DIRECTOR OF INSTITS. CORRECTIONS        )
CORPORATION OF AMERICA, dba             )
FLORENCE CORRECTIONAL CENTER,           )
FRANK LUNA, WARDEN OF FCC, KARL         )
STANSEL, CHIEF OF SECURITY AT FCC.,)
Dr. REBECCA BINGHAM, MEDICAL DIR.       )
OF (DOC), KEN BRAZ, CHIEF OF CLASS.)
FOR(DOC), CLIFFORD SIMONS, PO. III,)
AT (SCCC), DAVID NORCROSS, (PA) AT )
(SCCC)INDIVIDUALLY AND OFFICIALLY, )
                                        )
     Defendants.                        )
_____)    Case No. A05-172 Civil  (JWS)

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DEFENDANT NORCROSS

Defendant Norcross, for his Answer to Plaintiff's Amended Complaint, admits, denies and alleges as follows:

1.   This answering Defendant denies each and every allegation of Plaintiff's Amended Complaint which is not specifically admitted, denied or otherwise pled to.

### PLAINTIFF'S FIRST AMENDED 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT

2.   This answering Defendant denies each and every allegation of Plaintiff's Amended Complaint as contained in the section entitled "Plaintiff's First Amended 42 U.S.C. § 1983 Civil Rights Complaint." Defendant, however, does request a jury trial.

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8 TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

28

### JURISDICTION

3.   In answering the section of Plaintiff's Amended Complaint entitled "Jurisdiction", this answering Defendant denies that this Court has jurisdiction over this matter pursuant to AS.22.10.020. This answering Defendant admits that this court has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

### EXHAUSTION

4.   In answering the section of Plaintiff's Amended Complaint entitled "Exhaustion", this answering Defendant denies that Plaintiff exhausted the administrative remedies available to him and as required under the Prison Litigation Reform Act.

### THE PARTIES

5.   This answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint under the section entitled "The Parties" and therefore denies same.

6.   This answering Defendant admits that Mike Addington is the Director of Institutions for the Department of Corrections for the State of Alaska. Defendant further admits that Director Addington's address is 4500 Diplomacy Drive, Suite 109, Anchorage, Alaska 99508. Defendant denies each and every remaining allegation contained in paragraph 2 of Plaintiff's Amended Complaint under the section entitled "Parties" and therefore denies same.

7.   This answering Defendant admits that Frank Luna is the Warden of Florence Correctional Center. Defendant admits that Karl Stansel is an Assistant Warden of Florence Correctional Center and that he was the Chief of Security at Florence Correctional Center

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

2

in 2003. Defendant admits that the corporate address for Corrections Corporation of America is Burton Hills Blvd., Nashville, Tennessee, 37215. Defendant denies every remaining allegation contained in paragraph 3 of Plaintiff's Amended Complaint under the section entitled "Parties."

8.    This answering Defendant denies that Dr. Rebecca Bingham is the Medical Director for the Department of Corrections and that she implements and sets all policies and medical protocols. Defendant admits that Dr. Bingham's address is 4500 Diplomacy Drive, Suite 109, Anchorage, Alaska 99508. Defendant denies every remaining allegation contained in paragraph 4 of Plaintiff's Amended Complaint under the section entitled "Parties."

9.    This answering Defendant admits that Ken Braz and Clifford Simons are Probation Officers for the Alaska Department of Corrections. Defendant further admits that Kenneth Braz is the Chief Classification Officer. Defendant admits that the address for Ken Braz and Clifford Simons is 4500 Diplomacy Drive, Suite 109, Anchorage, Alaska 99508. Defendant denies every remaining allegation contained in paragraph 5 of Plaintiff's Amended Complaint under the section entitled "Parties."

10.    This answering Defendant admits that David Norcross is a Physician Assistant at the Springcreek Correctional Center. Defendant further admits that the address for David Norcross is P.O. Box 2109, Mile #5, Old Nash Road, Seward, Alaska, 99664. Defendant denies every remaining allegation contained in paragraph 6 of Plaintiff's Amended Complaint under the section entitled "Parties."

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

## BACKGROUND STATEMENT

11.   In responding to paragraph 1 of Plaintiff's Amended Complaint under the section entitled "Background Statement", this answering Defendant admits that Plaintiff arrived to Florence Correctional Center in 2003. Defendant denies every remaining allegation contained in paragraph 1 of Plaintiff's Amended Complaint under the section entitled "Background Statement".

12.   This answering Defendant denies the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 27, 26 and 27 of Plaintiff's Amended Complaint under the section entitled "Background Statement" and therefore denies same.[1]

## FIRST CAUSE OF ACTION

13.   This answering Defendant denies the allegations contained in paragraphs 28, 29 and 30 of Plaintiff's Amended Complaint.

## SECOND CAUSE OF ACTION

14.   This answering Defendant denies the allegations contained in paragraphs 31, 32 and 33 of Plaintiff's Amended Complaint.

## THIRD CAUSE OF ACTION

15.   This answering Defendant denies the allegations contained in paragraphs 34, 35, 36 and 37 of Plaintiff's Amended Complaint.

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

---

[1] Plaintiff mis-numbered the paragraphs contained in the "Background Statement" section of his Amended Complaint. Plaintiff failed to included paragraph 19. As a result, Defendant provides no response.

## FOURTH CAUSE OF ACTION

16.    This answering Defendant denies the allegations contained in paragraphs 38, 40, 41 and 42 of Plaintiff's Amended Complaint.[2]

## FIFTH CAUSE OF ACTION

17.    This answering Defendant denies the allegations contained in paragraphs 43, 44, and 45 of Plaintiff's Amended Complaint.

## SIXTH CAUSE OF ACTION

18.    This answering Defendant denies the allegations contained in paragraphs 46, 47, 48, 49, 50, 51 and 52 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

19.    As a separate defense, or in the alternative, Defendant alleges that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

20.    As a separate defense, or in the alternative, Defendant alleges that Plaintiff is wholly or partially at fault for his injuries, thereby reducing or eliminating his damages by way of the doctrine of comparative negligence.

21.    As a separate defense, or in the alternative, Defendant alleges that Plaintiff's alleged injuries were the result of a pre-existing condition, thereby eliminating any damages owed by Defendant.

---

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

[2]    Plaintiff mis-numbered the paragraphs contained in the "Fourth Cause of Action" section of his Amended Complaint. Plaintiff failed to included paragraph 39. As a result, Defendant provides no response.

22.  As a separate defense, or in the alternative, Defendant alleges that Plaintiff assumed the risk for his injury, thereby eliminating any damages owed by Defendant.

23.  As a separate defense, or in the alternative, Defendant alleges that the actions of its employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

24.  As a separate defense, or in the alternative, Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the federally protected rights of others.

25.  As a separate defense, or in the alternative, Defendant alleges that Plaintiff suffered no actual injury in regard to certain claims contained in Plaintiff's Complaint, therefore warranting dismissal of these claims.

26.  As a separate defense, or in the alternative, Defendant alleges that Plaintiff has failed to establish a proper basis for the granting of injunctive relief.

27.  As a separate defense, or in the alternative, Defendant alleges that they did not breach their duty of care to Plaintiff under AS 33.30.031 or 33.30.051 as alleged by Plaintiff.

28.  As a separate defense, or in the alternative, Defendant alleges that Plaintiff's claims are barred by the statute of limitations.

29.  As a separate defense, or in the alternative, Plaintiff has failed to sufficiently allege that CCA had a custom, and policy or practice which was the moving force behind the alleged

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

violations to Plaintiff's constitutional rights.

30.  As a separate defense, or in the alternative, Defendant alleges that they did not create a dangerous environment for the Plaintiff.

31.  As a separate defense, or in the alternative, Defendant alleges that they did not consciously disregard a substantial threat to Plaintiff's safety, which resulted in injury.

32.  As a separate defense, or in the alternative, Defendant alleges that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), thereby warranting dismissal of this case.

33.  As a separate defense, or in the alternative, Defendant alleges that he did not deliberately, deny and delay medical care to Plaintiff, knowing that such a denial would cause injury to the Plaintiff, aggravate a pre-existing injury or adversely affect a medical prognosis.

34.  As a separate defense, or in the alternative, Defendant alleges that he did not act with deliberate indifference to Plaintiff's medical concerns in this matter.

35.  As a separate defense, or in the alternative, Defendant alleges that Plaintiff is not a member of a protected class by which Defendant discriminated against Plaintiff or otherwise treated him differently from other inmates, due to membership in a protected class of persons.

36.  In addition to the foregoing, Defendant also reserves the right to assert affirmative defenses as may be factually appropriate as follows:  affirmative defenses set forth in Rule

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8 TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

8(c), F.R.C.P. and Rule 12, including but not limited to: arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, res judicata, waiver, insufficiency of process and insufficiency or service of process.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that he be dismissed, that Plaintiff take nothing, and that Defendant be awarded their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

Defendant demands a jury trial as to all triable issues.

Respectfully submitted this 20th day of December, 2005 at Anchorage, Alaska.

Sandberg, Wuestenfeld & Corey
Attorneys for Defendants,
Addington, Corrections
Corporation of America dba
Florence Correctional Center,
Luna, Stansel, Bingham, Braz,
Simons and Norcross


By _____
    Michael D. Corey
    ABA #8511130


This is to certify that a true and correct copy of the foregoing was served by ( ✓ ) mail ( ) hand ( ) fax this 28th day of December, 2005, to:

William R. Bailey, #25590
SPRING CREEK CORRECTIONAL FACILITY
Post Office Box 5001
Seward, Alaska 99664
Plaintiff Pro Per

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8 TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

8