William R. Bailey #25590
Springcreek Correctional Center
Po Box 5001
Seward, Alaska, 99664

RECEIVED

APR 1 2 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

WILLIAM R. BAILEY,

    PLAINTIFF,

Vs.

MIKE ADDINGTON, KEN BRAZ,
FRANK LUNA, DR. REBECA BINGHAM,
KARL STANSEL, CLIFFORD SIMONS,
DAVID NORCROSS, CORRECTIONS
CORPORATION OF AMERICA,
INDIVIDUALLY, AND OFFICIALLY

    DEFENDANTS.

Case No. A05-0172CIV.

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S

MOTION DEEMING IT'S REQUESTS TO PLAINTIFF ADMITTED

Comes now, The Plaintiff, William R. Bailey in propria persona opposes Defendants motion to have the requests for admissions deemed admitted.

The principle that if no response to a request for admission is timely submitted the request is deemed admitted is not as black and white as it may suggest, because this aspect of the rule is not mandatory.[1]

Plaintiff's Motion in Opposition to Defendants/Amissions Admitted
Bailey v. Addington, et al. Case No. A05-0172 Cv.(TMB)

[1] Fed. R. Civ. P. 36(a)

page 1

From the very outset of this litigation with the Defendants by reference in the caption of this motion, Plaintiff have raised questions of **choice of law, Erie Docrine, where law of sitting State will apply, and discovery,** as the counsel for the State of Alaska defendants is also representing a **Private for Profit con cern; Corrections Corporation of America, et al.** defendants.

Because some of the theories unwhich this lawsuit is premised goes toward the contract between the State of Alaska and Corrections Corporation of America; for instance, in it's affirmative duties under AS.33.30.011, and AS.33.30.031(2). Did the State of Alaska adequately supply records, or enough information about Plaintiff's medical condition to Defendants Corrections Corporation of America, dba Florence Correctional Center, to facilitate Plaintiff receiving competent emergent care should a serious episode arise as it surly did.

The parties submitted separate "scheduling and conference reports." Plaintiff's specifically requested that the court oversee sharing of information,(mainly Plaintiff's medical files) as Plaintiff wasn't confortable with Corrections Corporation of America's attorney's blatant disregard for any of my asserted rights to privilege.

On March 13, 2006, parties met telephonically for Defendants requested, and approved deposition by this court. As relayed to Defendants attorney during the deposition that any attempts to make inquiries concerning any matters not related to this action that Defendants had not sought court approval, Plaintiff would object to.

Plaintiff's Motion in opposition to Defendants/Admissions Admitted
Bailey v. Mike Addington, et al. Case No. A05-0172 Cv, (TMB)

As a pro se litigant Plaintiff should atleast been afforded notice that if failure to answer the requested admissions in a timely manner, that Defendants would motion the court for them to be deemed admitted. Citing from **Diggs v. Keller, 181 F.R.D. 468, 469 (D. Nevada 1998)**. "Pro se prisoners are entitled to notice that matters found in requests for admissions will be deemd admitted unless responded to within 30 days, and since defendant's requests contained no such notice, court exercised it's discretion to lengthen time for response to requests."

The implications here are similar, in that if Defendant's admissions are allowed to be admitted because Plaintiff was unwary that if failure to respond timely would either by operation of **Fed. R. Civ. Proc. 36(a)** automatically deemed admitted, or the court can find that Plaintiff clearly lacked sufficient notice.

Here however, Plaintiff is subject to the unsuspecting snare that Defendant's will use the unanswered admitted admissions to motion the court for a Rule 56 judgment. The Defendant's will not be prejudiced if admissions are withdrawn. **United States Currency, 863 F. Supp. 442, 444, (W.D. Ky.1994)**. The federal court may permit party to file answers to requests after expiration of 30-day deadline, when delay was not caused by any lack of good faith, and when untimely response will not unduly prejudice requesting party. **In re Schwinn Bicycle Co., 190 B.R. 599, 617, (N.D. Ill. 1995)**.

Plaintiff's Motion in Opposition to Defendant's/Admissions Admitted
Bailey v. Addington, et al., Case No. A05-0172Cv.(TMB)

page 3

For the foregoing reasons Plaintiff would request that this court withdraw Defendant's Admissions, and allow Plaintiff to respond to the propounded requests.

Respectfully submitted this 7th day of April, 2006.

William R. Bailey, per,<br>
Speingcreek Corr. Ctr.<br>
Po Box 5001/Old Nash<br>
Seward, Alaska, 99664

**CERTIFICATE OF SERVICE**
I hereby certify under the pains of penalty that the foregoing motion in opposition to Defendant's requests for admissions to be admitted, was Mailed (X) on the 4/1/2006
TO:
    Michael D. Corey
    701 W. 8th Ave. Suite #1100
    Anchorage, Alaska, 99501

by. _____

Plaintiff's Motion in Opposition to Defendant's/Admissions Admitted
Bailey v. Addington, et al., Case No. A05-0172Cv.(TMB)