Daniel P. Struck, Bar #012377
Jennifer L. Holsman, Bar #022787
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone No.:  (602) 263-7310
Facsimile No.: (602) 651-7507
dstruck@jshfirm.com
jholsman@jshfirm.com

Michael D. Corey, Bar #8511130
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, AK  99501
Telephone No.:  (907)276-6363
Facsimile No.:  (907)276-3528
mdc1@aol.com

*Attorneys for Defendant*

**United States District Court**

**District of Alaska at Anchorage**

| | |
|---|---|
| William R. Bailey, | Case No. A05-0172 CV    (TMB) |
| Plaintiff, | |
| v. | **DEFENDANTS' STATUS REPORT** |
| Corrections Corporation of America, et al, | |
| Defendants, | |

Defendants, State of Alaska Department of Corrections, Mike Addington, Ken Braz, Frank Luna, Karl Stansel, Dr. Rebecca Bingham, Clifford Simons and

Corrections Corporation of America, submit their portion of the Status Report as Ordered by the Court on May 8, 2006.

On May 8, 2006, Defendants sent Plaintiff a letter requesting his portions of the Joint Status Report.[1] When Plaintiff failed to respond to Defendants letter, Defendants sent another letter requesting his portions of the Joint Status Report on May 19, 2006.[2] As of May 22, 2006, Defendants have not received Plaintiff's portions of the Status Report. As a result, Defendants file their portion of the Status Report separately in order to comply with the Court's Order.

**A.    NATURE OF THE CASE**

1. **The lead attorneys on the case.**

    **Defendants:** Michael Corey
    Sandberg, Wuestenfeld & Corey
    701 W. 8th Avenue, Suite 1100
    Anchorage, Alaska 99501
    907-276-6363

    Jennifer Holsman
    Jones, Skelton & Hochuli, P.L.C.
    2901 N. Central Avenue, Suite 800
    Phoenix, AZ 85012
    602-263-7310
    jholsman@jshfirm.com

2. **Basis for federal jurisdiction.**

    Plaintiff asserts that Defendant violated his rights under the 8th Amendment, 14th Amendment and 42 U.S.C. § 1983.

---

[1] *See* correspondence dated May 8, 2006.
[2] *See* correspondence dated May 22, 2006.

3. **Nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff was an inmate incarcerated at Florence Correctional Center, a facility operated by Corrections Corporation of America pursuant to a contract with the Alaska Department of Corrections. Plaintiff alleges that he sustained injuries after riding in a "transportation van" from Casa Grande Hospital to Florence Correctional Center on May 29, 2004 because it was "too hot."

As a result of the injuries allegedly sustained, Plaintiff asserts that his rights were violated under the 8th Amendment, 14th Amendment and 42 U.S.C. § 1983. Plaintiff has also asserted a state law negligence claim against the Defendants.

4. **Name of any party that has not been served and the nature of the non-service.**

None known at this time.

5. **Principal legal issues.**
- Whether Plaintiff has set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation.
- Whether Plaintiff has set forth the requisite state of mind necessary to prevail on his constitutional claims against the Defendants.
- Whether Plaintiff has established a grave deprivation in regard to his allegation that a constitutional violation has occurred.
- Whether Defendants engaged in reckless or callous indifference to the federally protected rights of Plaintiff.
- Whether Plaintiff suffered an actual injury to which he is entitled to recover damages.
- Whether Plaintiff has failed to sufficiently allege that Corrections Corporation of America or the State of Alaska Department of

  Corrections had a custom, policy, or practice that was the moving force behind the alleged violations to Plaintiff's constitutional rights.
- Whether Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act.
- Whether Plaintiff has stated a claim upon which relief can be granted.
- Whether Plaintiff is wholly or partially at fault for his injuries, thereby reducing or eliminating his damages by way of the doctrine of comparative negligence.
- Whether Plaintiff assumed the risk for his alleged injuries, thereby eliminating any damages owed by Defendants.
- Whether Defendants' employees were objectively reasonable under the circumstances.
- Whether Defendants' employees acted in good faith and without malice.
- Whether Plaintiff is entitled to recover damages for his alleged injuries.
- Whether Defendants subjected Plaintiff to a "dangerous environment" as alleged.
- Whether Plaintiff has established a prima facie case for an Eighth Amendment violation.
- Whether Plaintiff has established a prima facie case for a Due Process violation.
- Whether Defendants were deliberately indifferent to Plaintiff's rights.
- Whether Plaintiff has established a prima facie case for a Fourteenth Amendment violation.
- Whether Plaintiff has established a negligence claim against

Defendants.

- Whether Plaintiff has established a prima facie case for a 42 U.S.C. §1983 claim.
- Whether Defendants provided medical service within the applicable standard of care.
- Whether Plaintiff exhausted the administrative remedies available to him regarding the injuries allegedly sustained on May 29, 2004.

6. **Principal factual issues.**
- Whether Plaintiff exhausted his administrative remedies regarding the injuries allegedly sustained in the transportation van.
- Whether Plaintiff had a preexisting medical condition on May 29, 2004.
- Whether Plaintiff suffered any injuries on May 29, 2004.
- Whether Plaintiff received treatment for any injuries allegedly sustained on May 29, 2004.

B. **DISCOVERY**

1. **Brief description of completed discovery and remaining discovery.**

   Plaintiff's deposition has been taken. Written discovery has been exchanged.

2. **Brief description of any pending motions and anticipated motions.**

   Defendants anticipate filing a dispositive motion on each of the claims raised in Plaintiff's First Amended Complaint. There are no pending motions at this time.

3. **Brief description of any previously entered rulings on substantive issues.**

   None at this time.

4. **Any previously filed status reports.**

   None previously filed.

C. **TRIAL**

1. **If trial is anticipated, how long the trial will take, and whether a jury is requested.**

    A trial is recommended. Trial is anticipated to take approximately 3 days.

D. **SETTLEMENT**

1. **Status of any settlement discussions and whether the parties request a settlement conference.**

    There have been no settlement discussions by the parties.

DATED this 23rd day of May 2006.

    s/Michael D. Corey
Sandberg, Wuestenfeld & Corey
Michael D. Corey, ABA#8511130
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Phone: (907)276-6363
Fax: (907)276-3528
E-Mail: mdc@aol.com

Daniel P. Struck
Jennifer L. Holsman
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Phone: (602) 263-7310
Fax: (602) 651-7507
E-Mail: dstruck@jshfirm.com
    jholsman@jshfirm.com

*Attorneys for Defendant*

1
2
3
4
<u>Certificate of Service</u>

I hereby certify that on this 23rd day of May, 2006 a copy of the foregoing was served electronically and by regular U.S. Mail on:

Clerk of the Court
United States District Court, District of
 Alaska at Anchorage
222 W. 7th Avenue, Room 229
Anchorage, Alaska 99513

William R. Bailey, #25590
Springcreek Correctional Ctr.
P.O. Box 5001
Seward, Alaska 99664
Plaintiff *Pro Per*

<u>s/Michael D. Corey</u>