Michael D. Corey, ABA #8511130
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue
Suite 100
Anchorage, Alaska 99501
(907) 276-6363

Daniel P. Struck, Bar #012377
Jennifer L. Holsman, Bar #022787
*(Admitted Pro Hac Vice)*
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona  85012
(602) 263-7323

Attorneys for Defendant, *Corrections Corporation of America*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA AT ANCHORAGE**

| William R. Bailey, | Case No. A05-0172 CIV |
|---|---|
| Plaintiff, | |
| v. | |
| Corrections Corporation of America, et al, | |
| Defendants, | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY**

Defendant, Corrections Corporation of America ("CCA"), submits this opposition to Plaintiff's Motion for Extension of Discovery. Plaintiff's request must be denied because he has failed to set forth a "good cause" reason for modifying the Rule 16 Scheduling Order in this case and because Defendants would be

prejudiced by an extension of time for Plaintiff to conduct fact discovery.

This motion is supported by the following Memorandum of Points and Legal Authorities, the pleadings and exhibits on file with the Court, and any oral argument the Court may hold in this matter.

## **MEMORANDUM OF POINTS AND LEGAL AUTHORITIES**

### **I.  PROCEDURAL BACKGROUND**

Plaintiff filed his initial complaint on June 29, 2005, alleging that the Defendants violated his Constitutional Rights after he was allegedly transported in a van that was "too hot."

On December 8, 2005, the Court issued an Order regarding the discovery deadline of August 18, 2006. Also included in the Court's December 8, 2005 Order, the dispositive motion deadline is September 18, 2006. Trial is scheduled to begin in December, 2006.

Despite the Court's Order regarding the discovery deadline, however, Plaintiff recently filed a Motion for Extension of Discovery. The motion asserts that Plaintiff needs additional time to complete discovery so that he "may ascertain additional written discovery, and prepare for dispositive motions."[1]

Plaintiff has had fourteen months to complete discovery, yet chose to sit idly until the close of discovery to request "more time." As a result of Plaintiff's failure to

---
[1] *See* Plaintiff's Motion for Extension of Discovery, paragraph 1.

diligently pursue this litigation, Defendants object to any extension of time to complete additional fact discovery in this case.

Because no "good cause" reason exists for extending the discovery deadline, Plaintiff's Motion for Extension of Discovery must be denied.

## II. NO "GOOD CAUSE" EXISTS FOR AMENDING THE RULE 16 SCHEDULING ORDER

Under *Johnson v. Mammoth Recreations, Inc.*, when a party attempts to set aside or adjust the deadlines set in the Scheduling Order, "good cause" must be shown.[2] Once the District Court has filed a Pretrial Scheduling Order pursuant to FED.R.CIV.P. 16, establishing a timetable for amending pleadings, the "schedule cannot be modified except by leave of ... [the district court] upon a showing of good cause."[3] Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."[4] Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Thus, if a party was not diligent in complying with the Court's deadlines, the inquiry

---

[2] 3. 975 F.2d 604, 609 (1992).
[3] Id. at 609.
[4] *See* generally *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (Ariz. 2000); *Johnson*, 975 at 609; Fed. R. Civ. P. 16 advisory committee's notes (1983) amendment; *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D.213, 217 (N.D. Ind. 1990); 6A Wright, Miller & Kane, *Federal Practice and Procedures* § 1522.1 at 231 (2d. ed 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence.")

1 should end.[5]

2 In this case, Plaintiff has not been diligent in obtaining relevant discovery materials to support his claims. For example, Plaintiff filed this lawsuit on June 29, 2005. With minimal effort, Plaintiff should have completed discovery by now. Allowing Plaintiff to now have additional time to conduct discovery, will reward both Plaintiff's non-diligence and non-compliance with the Court Ordered deadlines. This severely prejudices the Defendants who have complied with the deadlines established by the Court.

**III.   CONCLUSION**

Based on the foregoing, Defendants respectfully request the Court deny Plaintiff's Motion for Extension of Discovery because Plaintiff has failed to show a "good cause" reason for failing to comply with the Rule 16 Scheduling Order.

DATED this 29th day of August, 2006 at Anchorage, Alaska.

JONES, SKELTON & HOCHULI, P.L.C.

s/ Jennifer L. Holsman
Daniel P. Struck
Jennifer L. Holsman *(Admitted Pro Hac Vice)*
2901 North Central Avenue
Suite 800
Phoenix, Arizona  85012

---

[5] *Johnson*, 975 at 609

3

1
2
3
4

Michael D. Corey, ABA #8511130
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Attorneys for Defendant,
*Corrections Corporation of America*

5
6

Electronically filed with the
Court this 29th day of August, 2006.

7
8
9
10
11

COPY mailed the same day to:
William R. Bailey
#25590
Springcreek Correctional Center
P.O. Box 5001
Seward, Alaska, 99664
*Plaintiff Pro Se*

12

  s/ Peggy Sue Trakes

1673599.1

13
14
15
16
17
18
19
20
21
22
23
24
25
26

4