1  William R. Bailey,#25590
   Springcreek COrrectional Ctr.
2  Po Box 5001
   Seward, Alaska, 99664



RECEIVED

OCT 1 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE. ALASKA

6                    UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ALASKA AT ANCHORAGE

8  WILLIAM R. BAILEY,

                 PLAINTIFF,
9

10

      Vs.
11

   MIKE ADDINGTON, CORRECTIONS          CASE No. __A05-0172_CV.(TMB)
12 CORPORATION OF AMERICA, et
   al.,
13               DEFENDANTS.

14

       **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION**
15
       **OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT**
16

       **I. SUMMARY OF FACTS**
17
       On 8/16/06, Plaintiff sought extension of the discovery deadline. On

18 9/22/06, Plaintiff received the defendants motion for summary judgment. Two days

19 later, Plaintiff was placed in administrative segregation.(9/24/06) On 9/27/06,

20 Plaintiff was released back into general population, Plaintiff wasn't allowed

21 his legal materials until 9/29/06. Plaintiff received a "Notice of Electronic

22 Filing" on 9/28/06, referencing Plaintiff's motion for extension of the deadline

23 of the discovery period. There wasn't any written notice from the court at all

24 indicating a determination relied upon. Plaintiff on 10/07/06, received this

25 courts "Notice Regarding Motion For Summary Judgment," clearly beyond the 15th

26 **Plaintiff's Memorandum In Support Of Motion For Extension**
   Bailey V. Mike Addigton, et al.,
   CASE No. A05-05-0172CV.(TMB)                          Page 1 of 3

1    day timeframe set for non-moving party's response.

2    **II.    RULE 56(f) APPLICATION WHERE THERE EXIST GENUINE
         ISSUES OF DISPUTE**

3

4        Although Rule 56(f) does not generally require that discovery takes

5    place before a motion for summary judgment may be granted.[1] However, if a party

6    cannot adequately defend a summary judgment motion, Rule 56(f) provides a means

7    to obtain time for further discovery. If the court finds that a party opposing a

8    summary judgment motion cannot present facts essential to justify opposition,

9    the court may: (1) deny the motion for summary judgment; (2) order a continuance

     to permit affidavits to be obtained or discovery to be had; or (3) make any

10   order that is just.[2]

11

         This court has a duty under Rule 56(f) to ensure that the parties have

12   been given a reasonable opportunity to make their record complete before ruling

13   on a motion for summary judgment. For this purpose, it has been said that Rule

14   56(f) should be liberally construed. **D.C. Circuit Black v. NFL Players Ass'n, 87,**

15   **F.Supp.2d 1, 4 (D.D.C. 2000). (citing Moore's, and granting plaintiff's motion**

16   **for further discovery).**

17       **III.    Additional specific documents Plaintiff require to**

18            **augment Plaintiff's theories on which claims lie**

19       1) The report of John Hagar, the Cleary monitor, that was conducted
            detailing the insufficiencies of CCA verifying the qualifications
20          of its medical personnel, and the inefficiencies of CCA's delivery
            of competent medical services to Alaska inmates.

21       2) All reports, evaluations, and reported remedial steps taken by ADOC,
            from the contract monitor, dated from 1998 to present including any
22          revisions.

23

     **Plaintiff's Memorandum In Support Of Motion For Extension**
24   Bailey v. Mike Addington, et al.,
     CASE No. A05-0172CV.(TMB)                              Page 2 of 3
25   1. Potter v. Delta Airlines, 98 F3d 881, 887(5th Cir. 1996)
     2. Fed. Rule 56(f)
26

IV.    CONCLUSION

For the foregoing reasons, Plaintiff would aver at the very least that there exist genuine issues in dispute. That justice would require at a minimum that Plaintiff should be granted additional time to obtain discovery from defendants. The pleadings in the complaint along with the attached exhibits to the affidavit meets the requisite showing that these defendants had an affirmative duty to Plaintiff's safety. But, did nothing in the face of knowing that their contract functionary, through the report of Cleary monitor, John Hagar, was not in compliance with its' stated duties.

This court should allow Plaintiff the due process opportunity to obtain the necessary documents from defendants so as to ensure equitable adversarial process.

Respectfully submitted this 7th day of October, 2006, at Seward.

_____
WILLIAM R. BAILEY, Pro per,
Springcreek COrrectional Ctr.
Po Box 5001
Seward, Alaska, 99664

CERTIFICATE OF SERVICE
I hereby certify under the pains and penalties of perjury that the foregoing along with a motion, order, affidavit, and 4 exhibits were mailed( ✓ ) on  /0 / 7 / 06.

To:
   Michael D. Corey
   701 W. 8th Ave., Suite# 1100
   Anchorage, Alaska, 99501

by. _____

Plaintiff's Memorandum In Support Of Motion For Extension
Bailey v. Mike Addington, et al.,
CASE No. A05-0172Cv. (TMB)