

SOCIAL SECURITY ADMINISTRATION

Refer To: 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

Office of Hearings and Appeals
2201 Sixth Avenue
Suite 500
Seattle, Washington 98121

Date: JAN 1 7 2001

William R Bailey
1502 Market St
Fairbanks, AK 99709

### NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another office may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255. Please put the Social Security number shown above on any appeal you file.

See Next Page

EXHIBIT # 3   PAGE 1 of 7

William R Bailey (574-3■■534)                              Page 2 of 3

### Time To File An Appeal

To file an appeal, you must file your request for review within 60 days from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

### Time To Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider with your request for review.

### How An Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 416, Subpart N.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulations exists. Section 416.1470 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

### If No Appeal And No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

Exhibit#3 Page 2 of 7

See Next Page

William R Bailey (574-36-034)                                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (907)456-0241. Its address is

        101 12th Ave
        Box 9
        Fairbanks, AK 99701.

                      John F. Bauer
                      Administrative Law Judge

cc:  Michael Stepovich
     543 Second Avenue, Suite A
     Fairbanks, AK 99701

Exhibit # 3 Page 3 of 7

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

DECISION

| IN THE CASE OF | CLAIM FOR |
|---|---|
| William R Bailey<br>(Claimant) | Supplemental Security Income |
| (Wage Earner) | 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<br>(Social Security Number) |

## INTRODUCTION

On October 21, 1998, the claimant filed an application for Supplemental Security Income payments. The claim was denied initially and on reconsideration, and a request for hearing was timely filed on June 28, 1999. A hearing was originally held on June 12, 2000. At that time the claimant was not represented. I determined that a second hearing was necessary and the claimant was represented during the second hearing. A hearing was subsequently held on November 13, 2000 in Fairbanks, Alaska. Appearing and offering testimony at the hearing were the following: the claimant and Rodman Wilson, M.D., a medical expert. The claimant alleges disability beginning October 21, 1998 due to arthritis and arrhythmia. The alleged onset date has been amended. Michael Stepovich represents the claimant in this matter.

The general issue is whether the claimant is disabled under section 1614(a)(3)(A) of the Social Security Act. The specific issue is whether he is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

## EVALUATION OF THE EVIDENCE

The claimant is a 44-year-old individual with a high school education and two years of college and no past relevant work. He has not engaged in substantial gainful activity at any time since the alleged onset date.

The claimant has the following medically determinable severe impairments: osteoarthritis of the left knee, low-grade arthritic process, hepatitis C, alcoholism and heart disease.

Exhibit # 3 Page 4 of 7

William R Bailey (574-3█-█634)                                           Page 2 of 4

X-rays of the claimant's left knee on January 6, 1999, showed significant patellofemoral osteoarthritis on the with superior and inferior pole spurring as well as narrowing especially of the medial facet of the patella. He also had moderate medial and lateral compartment osteoarthritis of the left knee. There was bicompartmental narrowing of the medial and lateral compartments with osteophytes. There was narrowing of the patellofemoral joint space (Exhibit 3F, p.12).

On February 12, 1999, Dr. Grauman evaluated the claimant. He noted that the claimant had decreased range of motion due to diffuse arthralgias and a history of cardiac irregularity and arrhythmia (exhibit 2F).

A bone scan on March 15, 1999, showed that the claimant has had multiple surgical procedures in his left knee, and there was moderate uptake in areas of his hands (Exhibit 3F, p.2). The claimant had a positive rheumatoid factor. X-rays showed that there were some possible erosive changes at a number of joints in the hands.

X-rays of the claimant's left foot on June 29, 1999, showed that the claimant had destructive changes involving the heads of the first, second and fifth metatarsals with justaarticular erosion suspected (Exhibit 6F, p.10).

On July 28, 1999, the claimant reported that he had been drinking excessively for the past tow to three months (Exhibit 6F, p.5). On April 18, he was noted to be in treatment for alcohol and OxyContin abuse. He had been free from alcohol for only one week (Exhibit 9F, p.7).

The claimant has degenerative changes of his cervical spine with muscle spasm (Exhibit 5F, p.2). On October 30, 2000, Dr. Becker wrote that he felt that the claimant's osteoarthritis of the left knee along with his osteoarthritis of the right shoulder and his inflammatory polyarthritis secondary to hepatitis C were disabling.

After giving careful consideration to all the documentary evidence, the Administrative Law Judge has concluded that the claimant has an impairment equivalent in severity to the criteria of section 1.03A of the impairments listed in Appendix 1, Subpart P of the regulations (20 CFR, Part 404). Section 1.03A indicates that a person is disabled if he has arthritis of a major weight bearing joint with persistent joint pain and stiffness with signs of marked limitations of motion or abnormal motion of the affected joint with gross anatomic deformity of the knee and x-ray evidence of significant joint space narrowing markedly limiting the ability to walk and stand.

Dr. Wilson testified that the claimant had severe osteoarthritis of the left knee as well as lever disease and heart disease. He felt that the claimant's knee impairment met the requirements of listing 1.03.

I concur with the testimony of the medical expert. Thus, the claimant has been under a disability beginning October 21, 1998. Eligibility for Supplemental Security Income payments is based on the application filed on October 21, 1998.

Exhibit # 3 page 5 of 7

William R Bailey (574-3C-_634)                                    Page 3 of 4

The evidence shows that the claimant has a substance addiction disorder. This impairment does not affect his osteoarthritis and is not material to the finding of disability. However, it probably does impact his hepatitis. I recommend that a representative payee be considered based on his alcoholism.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant has not engaged in substantial gainful activity since October 21, 1998.

2. The medical evidence establishes that the claimant has the following severe impairments: osteoarthritis of the left knee, low-grade arthritic process, hepatitis C, alcoholism and heart disease.

3. The severity of the claimant's impairment equals the requirements of section 1.03C, Appendix 1, Subpart P, Regulations No. 4 and is expected to preclude him from working for at least 12 continuous months.

4. The claimant has been under a disability, as defined in the Social Security Act, since October 21, 1998 (20 CFR §416.920(d)).

## DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on October 21, 1998, the claimant is disabled under section 1614(a)(3)(A) of the Social Security Act, beginning October 21, 1998, and that the claimant's disability has continued at least through the date of this decision.

Exhibit # 3 Page 6 of 7

FEB-13-2001 TUE 12:27 PM  H&SS/APA FBKS.    FAX NO. 9  451 2808    P. 08
Case 3:05-cv-00172-TMB   Document 56-4   Filed 10/12/2006   Page 7 of 7

William R Bailey (574-3  634)                                Page 4 of 4

The component of the Social Security Administration responsible for authorizing Supplemental Security Income payments will advise the claimant regarding the nondisability requirements for these payments, and if eligible, the amount and the months for which payment will be made.

Due to the claimant's alcoholism, a representative payee should be considered.

John F. Bauer
Administrative Law Judge

Date    JAN 17 2001

Exhibit # 3 Page 7 of 7