William R. Bailey,#25590
Springcreek Correctional Ctr.
Po Box 5001
SEward, Alaska, 99664

RECEIVED

DEC 1 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

WILLIAM R. BAILEY,

        PLAINTIFF,

    Vs.

ADDINGTON, CORRECTIONS
CORPORATION OF AMERICA, et
al.,
            DEFENDANTS.

CASE No. A05-0172 CV.(TMB)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## IN OPPOSITION TO SUMMARY JUDGMENT

Defendants have moved the court for a summary judgment decision alleging that Plaintiff cannot bring this action cause Plaintiff wasn't intended to be a third party beneficiary.

Secondly, defendants asserts that Plaintiff have not made the requisite showing that the claims under the "deliberate indifferent" standard makes a prima facie showing as required.

I.    **Rule 56 of the Federal Rules of Civil Procedure** provide that summary judgment should be granted if there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of **law.** The moving party has the burden of showing that there is no genuine dispute as to material fact. **Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).** The moving party need not present evidence; it need only

1  point out the lack of any genuine dispute as to material fact. **Id. at 323-25.**

2  Once the moving party has met this burden, the non-moving party must set forth

3  evidence of specific facts showing the existence of genuine issue for trial.[2]

4  All the evidence presented by the non-movant must be believed for purposes of

5  summary judgment, and justifiable inferences must be drawn in favor of the non-

6  movant.[3] However, the nonmoving party may not rest upon mere allegations or

7  denials but must show that there is sufficient evidence supporting the claimed

8  factual dispute to require a fact-finder to resolve the parties differing

   versions of the truth at trial.[4]

9
          II. **WHY SUMMARY JUDGMENT FOR DEFENDANTS CANNOT BE HAD.**

10
          Because defendants have mis-characterized Plaintiff's complaint and

11  the causes of action, this court must deny summary judgment.

12        Plaintiff alleges that the defendants included in the caption of the

13  complaint "created a dangerous environment" whereby if defendants, Addington,

14  Braz, Simons, Norcross, and Dr. Bingham, in the affirmative excercise of their

15  duties of Classifying and transferring Plaintiff to a out of State prison, Plai-

16  ntiff asserts that defendants knew of Plaintiff's serious medical condition,

17  but took know steps to protect Plaintiff from either being sent to Arizona, or,

18  properly notating Plaintiff medical condition on the 807.14(E) "Medical summary

19  for prisoner Transfer" form. Plaintiff incessantly from the day of the initial

20  classification, sought a waiver of placement in the Arizona prison. Defendants

21  were aware of the documented findings by John Hager, the Cleary monitor, that

22  specifically referenced the inadequacy and poor responses of the medical staff.

---

23  2 Anderson v. Liberty Lobby, Inc. 477 U.S. 242,
      248-49, 91 L.Ed 2d. 202, 106 S. Ct. 2505(1986)

24  3 Id.
    4 Id.

25

26  **Memorandum In Support Of Opposition To Summary Jidgment**
    Bailey v. Addington, etal.,
    Case No. A05-0173CV.(TMB)                          Page 2 of 6

1    Defendants have interpreted Plaintiff's complaint as an 8th Amendment

2  deliberate indifference claim referencing the medical attention after the

3  injury in fact. Where actually, Plaintiff's Claims are violations of Plaintiff's

4  substantive due process **rights** under the 14th Amendment to "bodily safety."

5    Incorporating the Ninth Circuit's admonition that anything less than

6  "deliberate indifference" is not sufficient to establish § 1983 liability. The

7  Standard reflect the principle that, however, that the state, once it undertakes

8  to make a person dependent upon its care, also undertakes an affirmative **duty**

9  to assume responsibility for that person's safety and general well being.

10  **DeShaney, 489 U.S. at 200.** Additionally, the standard reflects the Supreme

11  Courts admonition that executive behavior violates § 1983 only if it involves an

12  element of using the State's power in an oppressive manner. **Daniels, 474 U.S.**

13  **at 331-32.** Defendants like in Daniels, placed Plaintiff at the Arizona prison

14  where the Alaska officials knew that both the climate and the staffing were

15  deficient, but did nothing to protect Plaintiff from the foreseeable **harm.**

16    Defendants as well, help <u>create the dangerous conditions</u> by failing to

17  provide Plaintiff's medical records that could of assisted the defendant cont-

18  ractor, when an emergent circumstance arose as it surely did.

19    Defendants characterizing Plaintiff's injuries as a medical indifference

20  suggesting of the treatment as the cause of the approximate injury is clearly

21  incorrect. Defendants deliberate indifference was when the two transport officers

22  after picking Plaintiff up from Casa Grande Hospital in a cargo van that wasn't

23  properly suited with a air-conditioner or ventilation, consistent with public

24  transportation standards. And Plaintiff sought to be removed cause of the

25  extreme heat, defendants refused citing that defendant Stansel, had a policy

26  that, no incoming traffic during counts that wasn't deemed priority.

### III.   WHY A CLAIM AGAINST STATE DEFENDANTS IS A CLAIM AGAINST CORRECTIONS CORPORATION OF AMERICA

Defendants asserts that Plaintiff is asserting a third party claim to a contract between Department of Corrections and Corrections Corporation of America. Here, defendants are seeking only to obfuscate the liabilities of those responsible for Plaintiff's health and welfare.

"Conduct that is actionable under the Fourteenth Amendment as State action is also action under color of State law supporting a suit under § 1983. **Lugar v. Edmondson, Oil Co., 457 U.S. 922, 935, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982).** "State action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself." **Brentwood Acad. v. Tennessee Secondary Sch. Athletics Ass'n., 531 U.S. 288, 295, 148 L Ed. 2d 807 1211 S. Ct. 924 (2001)** quoting **Jackson v. Metropolitan Edison Co., 419 U.S. 345 351, 42 L. Ed 2d 477, 95 S. Ct. 449 (1974)).**

For the purposes of these claims against defendants, Corrections Corporation of America's "nexus" to the State of Alaska in whatever relation it might be, under the public function test, "when private individuals or groups are endowed by the State with powers or functions **governmental** in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." **Evans v. Newton, 382 U.S. 296, 299, 15 L. Ed. 2d 373, S. Ct. 486 (1966)** In satisfying the public function test, the function at issue must be both traditionally and exclusively governmental. **Rendell-Baker v. Kohn, 457 U.S. 830, 842, 73 L. Ed. 2d 418 , 102 S. Ct. 2764 (1982)**

AS.33.30.031(2) as posed in Plaintiff's 4th cause of action is not a third party claim.

### IV.  DEFENDANTS HAVE FAILED TO PROVE THAT THERE ISN'T ANY GENUINE ISSUES IN DISPUTE.

Defendants seeking summary judgment bears the initial burden of informing the court of the basis of its motion and of identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine of material fact. See **Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).**

Defendants have failed to set forth the requisite proof that there isn't any genuine issues in dispute. Simply stating that Plaintiff claim is a "deliberate indifference" to medical care that does not suffice for the purposes of establishing its burden. "Judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence Rather, it draws all inferences in the light most favorable to the non-moving party. See **T.W. Electric Services, Inc. v. Pacific Electric Contrators Ass'n. 809 F2d 626, 630–31 (9th Cir. 1987).** The decision of the Corrections Corporation of America's Transport officer's to leave Plaintiff in the back of a ill-equiped cargo van that had been sitting in over 100 degree sun for more than an hour, is nothing less than cruel and unusual, with "deliberate indifference" to Plaintiff's **health and safety.**

Where defendants seeks to introduce evidence thats suggestive that Corrections Corporation of America, provided treatment consistent with Arizona Revised Statute § 12-561(1)**(a)**which provides in part....

> A "licensed health care provider" is defined as "[a] person, corporation or institution licensed or certified by the state to provide health care, medical services, nursing services or other health services...."

Because defendants seeks to mis-characterize plaintiff's claims as a malpractice, under Arizona Statute § 12-561(2). Defendants are not a "licensed health care provider."

Memorandum Im Support Of Opposition To Summary Judgment
Bailey v. Addington, et al.,
Case No. A05-0172CV.(TMB)                                    page 5 of 6

1

2
    Hence, the proffered testimony, deposition or otherwise all fail to meet

3
the requisite of **Federal Rules of Civil Procedure** 56(e) The motion for summary

4
judgment "must be decided upon **admissible** evidence in the form of affidavits,

5
declarations, [and] admissions...." **Orr v. Bank of America, 285 F3d 764, 773**

6
**(9th Cir. 2002).** Defendants exhibits as to testimony concerning Plaintiff's

7
medical treatment are not made by personal knowledge. The statements are too

8
speculative to any fact to be derived from. Also, the proffered opinion is

9
hearsay, that does not lay the foundational basis upon which other practitioners

10
in the field would subscribe to.

    **V. CONCLUSION.**

11
    For the foregoing reasons, defendants motion for summary judgment must

12
be denied. Defendants affirmative duties to ensure Plaintiff's safety and health

13
have been egregiously renounced, leaving Plaintiff without the protection to

14
"bodily safety" as secured by the United States Constitution.

    Respectfully submitted this 9th day of December, 2006, at Seward, Alaska.

15

16
WILLIAM R. BAILEY#25590

17

18

19

20

21

22

23

24

25

26
**Memorandum In Support Of Opposition To Summary Judgment**
Bailey v. Addington, et al.,
Case No. A05-0172Cv.(TMB)                          Page 6 of 6