William R. Bailey #25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

RECEIVED
DEC 12 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| WILLIAM R. BAILEY, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> V. ) <br> ) <br> CORRECTIONS CORPORATION OF ) <br> AMERICA, MIKE ADDINGTON, KEN ) <br> BRAZ, FRANK LUNA, KARL STANSEL, ) <br> DR. REBBECA BINGHAM, CLIFFORD ) <br> SIMONS, DAVID NORCROSS, IN THEIR ) <br> INDIVIDUAL AND OFFICIAL CAPACITY.) <br> ) <br> DEFENDANTS. ) <br> ) | Case No. A05-0172 CV (JWS) |

### PLAINTIFF'S FIRST AMENDED 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT

**Comes Now**, The Plaintiff, William R. Bailey, propria persona, alleging both constitutional and state law torts. That the State of Alaska defendants and it's contract "functionaries," acting under the color of state law, both in their individual and official capacities by their affirmative duties deprived plaintiff of his due process rights under the 14th amendment. Defendants knowingly and affirmatively subjected plaintiff to a **"dangerous environment,"** which defendants knew to be dangerous, that resulted in plaintiffs foreseeable injuries, thus failing to implement a policy to ensure plaintiff's safety and acting with deliberate indifferece to said safety. Plaintiff seeks conpensatory and punitive monetary damages awards. Plaintiff **Demands a Jury Trial.**

(1)   EXHIBIT "A"
Page 1 of 14

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664


## A. JURISDICTION

Jurisdiction was initially invoked under AS. 22.10.020.(a)
This court has jurisdiction under 28 U.S.C. § 1343(a)(3) and
42 U.S.C § 1983.

## B. EXHAUSTION

Plaintiff filed two grievances under pendant state"APLRA" 09.19.
200. attached are Exhibits 1, and 4.

## C.                              PARTIES

The Plaintiff, **William R. Bailey,** is a citizen of the United States and a resident of the **Great State of Alaska.** Plaintiff is a disabled prisoner sentenced to the care and custody of the Commissioner for the department of corrections under AS. 33.30.051 for a felony conviction in 2002. Plaintiff has incarcerated all times relevant to this complaint. Plaintiff is currently held at the Springcreek Correctional Ctr. Po Box 5001 Seward, Alaska, 99664.

The Defendant, **Mike Addington,** is the Director Institutions for the Department of Corrections, for the State of Alaska. In his duties under AS. 33.30.011, and AS. 33.30.031.(2) as respondent designee, Addington is to ensure that plaintiff is provided the comparable care and custody similar to that required by the laws of this state. Addington's Address is 4500 Diplomacy Dr. Suite #109 Anchorage, Alaska, 99508.

The Defendants, **Corrections Corporation of America, Frank Luna, Warden, of Florence Correctional Center, Karl Stansel, then Chief of security, now Assistant Warden of Florence Correctional Center.** All are charged in their duties to treat plaintiff in a lawful manner under AS. 33.30.031(2). Corrections Corporations

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

**C. Parties Continued**

Of America's main Corporate address is located on Burton Hills Blvd. Nashville Tennessee, 37215.

The Defendant, **Dr. Rebbeca Bingham,** is the medical Director for the Department Of Corrections, she implements and sets all policies and medical protocols. Dr. Bingham is charged in her duties to carry out under AS. 33.30.011(4)(A) meedical services for prisoners in correctional facilities, or who are committed by a court to the custody of the Commissioner... Including under AS. 33.30.031(2), Contracts for confinement and care of prisoners, Dr. Bingham is respondent supervisor. Dr. Bingham's address is 4500 Diplomacy Dr. Suite #109, Anchorage, Alaska, 99508.

The Defendants **Ken Braz,** and **Clifford Simons,** are probation officer's for the department of corrections. Ken Braz is the Chief of Classification, he's charged in his duties under AS. 33.30.011 and AS. 33.30.021 to appropriately plaintiff in a lawful manner. Clifford Simons as well, he's the Supervising Probation III, at the Springcreek Correctional Ctr. his duties are to oversee the correct application of Title 22 of the administrative codes 05. 200 **Prisoner Classification(a).** Their mailing address is 4500 Diplomacy Dr. Suite #109, Anchorage, Alaska, 99508, and Po Box 2109, Seward, Alaska, 99664.

The Defendant **David norcross,** is the Physician Assistant at the Springcreek Correctional Ctr. He's charged in his duties to

(3)      EXHIBIT "A"
         Page 3 of 14

William R. Bailey #25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

## C. Parties Continued

care and treat plaintiff under AS. 33.30.011.(4)(A). His mailing address is Po Box 2109 Mile #5 Old Nash Rd. Seward, Ak. 99664.

D. **BACKGROUND STATEMENT**

1. On or about May 28, 2003, plaintiff went to medical with chest discomfort and palpitations. Mike Green the Physician Assistant, instructed for plaintiff to be given one dose of nitroglycerin.

2. After waiting for several minutes to see if plaintiff would report any relief, Mike Green gave plaintiff another dose.

3. With no apparent relief from the symptoms plaintiff was experiencing, PA. Mike Green called 911 to have plaintiff ambulanced from the Arizona Florence Correctional Center, to Casa Grande Hospital.

4. PA. Green said that it was impossible to know what was going on with plaintiff when the department of corrections didn't send plaintiff's records.

5. After spending the night at Casa Grande HOSPITAL TAKING morphine, wearing nitrobid patches, and anti-stroke medication, plaintiff was seen by a Cardiologist(John Doe) that stated for precaution only they were treating plaintiff as though plaintiff had an infarct, Particularly since there wasn't any records sent to verify.

(4)

EXHIBIT "A"
Page 4 of 14

William R. Bailey#25590
Springcreek COrrectional Ctr.
Po Box 5001
Seward, Alaska, 99664

### D. Background Statement Continued

6. The following day on May 29th, 2003, (CCA) dba Florence Correctional Center sent two transport officers to return plaintiff to the facility.

7. Still weak and nauseous from the medications and other symptoms plaintiff had been experiencing prior to entering the hospital. The transport van was a converted cargo van that was fitted with seats and lacked adequate ventilation and air-conditioning. Plaintiff requested to wait a bit before being placed inside because of the extreme heat.

8. Disregarding plaintiff's plea, the transport officers just placed plaintiff inside and slammed the door. Immediately the extreme heat began choking off plaintiff's breath. In just a few minutes travel down the highway plaintiff was completely drenched in sweat. Plaintiff once again requested to have the air-conditioning checked to see if it could be adjusted. Officer Arnett stated "we're hot too" plaintiff responded that "your not back here where there isn't any ventilation or windows."

9. After 35 minutes or more of riding in the back of that ill-equipped cargo van arrived at the facility.

10. The rear sallyport officer motioned for the van to move to a side parking area so that a Immigration and Naturalization services van completed entry.

(5)

EXHIBIT "A"
Page 5 of 14

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

_____

**D. Background Statement Continued**

11. Plaintiff immediately asked what was wrong. No response from either of the transport officers. Plaintiff reminded them to make sure that it was a medical return that was in that poorly air conditioned cargo van being denied access.

12. Plaintiff became agitated and worried that my serious condition wasn't being regarded or taken very seriously, so Plaintiff once again asked the transport officers to notify someone that they had a incoming medical return that was in that van.

13. With the temperature at over 100° degrees outside, I began feeling weaker and dizzy. Plaintiff informed officer Arnett that I felt as though I was going to vomit and if I could get a bag. Without a response to plaintiff's request plaintiff dry heaved a couple times and fell unconscious.

14. Plaintiff awaken to Lt.Casper standing over plaintiff after he'd removed the belly chain. Plaintiff was still weak and disoriented when told that I'd been overcome by the extreme heat.

15. Officer Knawlton said that they had kept requesting to remove plaintiff out of the van, but that then Chief of Security Karl Stansel, had a policy that no incoming traffic until counts and other priority traffic were finished.

16. Plaintiff kept inquiring as to why I was denied removal from the van. Officer Arnett said that it wasn't the transport

(6)

EXHIBIT "A"
Page 6 of 14

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

### D. Background Statement Continued

officers that were refusing to remove plaintiff, that when they tried telling the supervisors that plaintiff was getting sick they still said to not remove plaintiff.

17. On one of the visits from Alaska by Director of Institutions, Mike Addington. While walking through plaintiff's module, Mr. Addington walked directly up to plaintiff and engaged plaintiff concerning the specifics of the delivery services of the medical department. Mr. Addington was aware of plaintiff's as well as other Alaska inmates complaints about the deficient performance and non-compliance Corrections Corporation of America's obligatory duties. Mr. Addington was so abreast of plaintiff's circumstances that he even knew of plaintiff's trepidation of needles. He instructed for plaintiff to allow the medical staff to draw blood so that they can ascertain some conclusive results.

18. Warden Luna met with plaintiff and insisted that changes were being implemented to address the problems of incoming medical returns. Plaintiff sought his input on the fact that little or no system was up and in place to address potential high risk medical emergencies.

20. Plaintiff met with the contract monitor (Jane Doe) about the hazards of a under performing medical staff that could injure even worse. She reiterated that it was her responsibility to make sure that Corrections Corporation of America fulfilled it's contractual obligations.

William R.Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

**D. Background Statement Continued**

21. Plaintiff asked her who was responsible for the adequate notice and documentation concerning Alaska inmates medical conditions, she said that Alaska Department of Corrections was responsible.

22. Plaintiff met with Dr. Evanns the attending physician for Corrections Corporation of America, Florence Correctional Center. his take was that Alaska don't provide our records so that they can competently treat us should the emergency arise. He said that Dr. Bingham is **"micro-managing"** our medical services from Alaska.

23. Plaintiff was once again ambulanced on 11-19-03 to the emergency room. Dr. Evans was emphatic that it was plaintiff's heart. Still without adequate medical history for plaintiff to receive quick competent medical care.

24. On 2-24-04 plaintiff returned to Alaska Anchorage Jail Complex. On 5-4-04 or 5-5-04, plaintiff was transfered to Springcreek Correctional Center. Plaintiff submitted a cop-out to Mr. Simons. When we met plaintiff asked Mr. Simons why he didn't take any action whatsoever to avert the horrendous ordeal plaintiff went through down in Arizona. Plaintiff having specifically informed as well as pled his intervention due to Plaintiff's serious Heart condition. Mr. Simons said that it wasn't up to him that central office was coordinating everything from Anchorage.

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

### D. Background Statement Continued

25. Plaintiff submitted a medical request to see Pa. David Norcross. Plaintiff brought up the fact that I had sought his intervention from being transferred to Arizona due to plaintiff's serious heart condition. Mr. Norcross said that it was not up to him to stop or intervene in plaintiff being sent to Arizona. Plaintiff asked him why didn't he at least seen to that plaintiff's medical condition was properly noted on the 807.14(E) form being that Department of Corrections have a practice of not sending our files to Arizona.

26. Plaintiff filed a grievance to address the potentially dangerous consequences of not adequately noting a prisoner's medical condition. Sgt. Brunning, screened it back stating that the Department of Corrections doesn't have jurisdiction.

27. Without reaching a resolution outside the court forum plaintiff now brings this **action.**

### FIRST CAUSE OF ACTION

28. Plaintiff alleges in the preceding paragraphs that the defendants acting under the color of state law, Mike Addington, Ken Braz, Dr. Rebbeca Bingham, Frank Luna, Karl Stansel, Clifford Simons, David Norcross, and Corrections Corporation of America, through a policy, custom, or practice, subjected plaintiff to a **"dangerous environment,"** that otherwise would not of been.

29. Defendants knew that by failing to exclude plaintiff to such environment (Arizona) or take proper precautions by noting

(9)

EXHIBIT "A"
Page 9 of 14

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

**E. Causes of Actions**

plaintiff's serious medical condition that it would result in plaintiff's foreseeable injuries, and acting with deliberate indifference to plaintiff's safety.

30. All in violation of plaintiff's due process rights to "bodily integrity" under the substantive component of the 14th Amendment to the United States Constitution.

### SECOND CAUSE OF ACTION

31. Plaintiff alleges that the defendants Frank Luna, Karl Stansel, and Corrections Corporation of America, through a policy, custom, or practice subjected plaintiff to a "dangerous environment"

32. Defendants through their affirmative obligatory duties as contract "functionaries" placed plaintiff in a unsafe cargo van that was poorly ventilated, and lacked a working air-conditioner. When plaintiff became sick from the extreme heat inside, defendants with deliberate indifference refused to take plaintiff out for over an hour until plaintiff fell unconscious.

33. All in violation of plaintiff's 14th Amendment rights to "bodily integrity," and 8th Amendment right to be free from "cruel and unusual punishment," Under the United States Constitution.

### THIRD CAUSE OF ACTION

34. Plaintiff alleges that the defendants in the preceding paragraphs, Mike Addington, Dr. Rebbeca Bingham, and Ken Braz, acting under the color of state law, through their affirmative

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

**E. Causes of Actions Continued**

duties deprived plaintiff of his constitutional right to safety.

35. Defendants through a policy, custom, or practice knowingly with **Reckless indifference** to plaintiff's health subjected plaintiff to a " dangerous environment."

36. Additionally, defendants were aware of the inadequate and inconsistent policy enforcement of properly documenting inmates serious health problems on the 807.14(E) "medical summary extract transfer form." Defendants were deliberately indifferent to the potentially excessive risks.

37. All in violation of plaintiff's due process right to "bodily integrity" under the 14th Amendment to the United States Constitution.

### FOURTH CAUSE OF ACTION

38. Plaintiff alleges in the preceding paragraphs, that the defendants by reference included in the caption of this complaint, violated plaintiff's due process rights.

40. Defendants acting under the color of state law, through their affirmative duties under Alaska Stat. §33.30.031(2), deprived plaintiff of his due process right to bodily safety.

41. Defendants Mike Addington, Ken Braz, and Dr. Rebbeca Bingham, knowingly through their affirmative duties disregard the findings and recommendations John Hagar report concerning Corrections Corporation of America's substandard medical care and services.

(11)

EXHIBIT "A"
Page 11 of 14

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

**E. Causes of Actions Continued**

42. Defendants deliberate indifference to the known excessive risks to plaintiff's safety violated plaintiff's due process rights. under the 14th Amendment to the Constitution of the United States.

### FIFTH CAUSE OF ACTION

43. Plaintiff alleges that the defendant Clifford Simons acting under the color of state law deprived plaintiff of his due process rights.

44. Defendant simons knew that plaintiff had a serious medical condition to which plaintiff was being treated. Plaintiff sought his intervention keep plaintiff from being sent to the extremely **"HOT"** environment in Arizona. Defendant took no measures whatsoever, not even so much as making a notation in plaintiff's transfer packet.

45. Defendants reckless indifference to plaintiff's safety violated the 14th Amendment under the United States Constitution to " bodily integrity."

### SIXTH CAUSE OF ACTION

46. Plaintiff alleges in the preceding paragraphs that defendants Dr. Rebbeca Bingham, and Physician Assistant David Norcross, through their affirmative duties deprived plaintiff of his due process rights to "bodily safety."

47. Plaintiff specifically sought defendant Norcrosses intervention from being sent to Arizona's extremely **"hot"** environment.

(12)   EXHIBIT "A"
Page 12 of 14

William R. Bailey #25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

---

### E. Causes of Actions Continued

Plaintiff met with PA. Norcross concerning a medical waiver due to plaintiff's serious medical condition.

48. Defendant Norcross being fully aware of plaintiff's condition, and the excessive risks of being placed in Arizona's extremely hot environment, did nothing to avert the imminently foreseeable harm to plaintiff.

49. Defendant Norcross knew by his deliberate indifference to note, or take affirmative actions through his duties as health care practitioner that plaintiff would more than likely be harmed.

50. Defendant Dr. Bingham, knowingly and affirmatively as Director of medical services for Department of Corrections, as supervisor respondent made no effort to avert the catastrophically, imminent "danger" to plaintiff.

51. Defendants deliberate indifference to plaintiff's health and safety, is more akin to "reckless endangerment". Where the requited substantial medical knowledge Department of Corrections had dating back to 1987, on plaintiff's serious heart condition will demonstrate that defendants knowingly subjected plaintiff to a dangerous environment.

52. All in violation of plaintiff's due process rights to "bodily integrity." Under the substantive component of the 14th Amendment, to the United States Constitution.

EXHIBIT "A"
Page 13 of 14

(13)

William R. Bailey#25590
Springcreek Correctional Ctr.
Po Box 5001
Seward, Alaska, 99664

F. Requested Relief

## RELIEF REQUESTED

**Wherefore,** the Plaintiff, prays this honorable court grant relief in the following form:

A. Grant compensatory damages to Bailey in the amount of $1,000,000.00 dollars from each defendant.

B. Grant additional compensatory and punitive awards for Bailey's personal injuries and pain and suffering.

C. Grant injunctive relief to Bailey from Mike Addington, Ken Braz, Dr. Rebbeca Bingham, Clifford Simons, and David Norcross.

D. Declare that the defendants included by reference in the caption of the complaint **violated** Bailey's constitutional right to "bodily integrity" under 14th Amendment to the U.S. Const.

E. Enjoin defendants for the State of Alaska from sending prisoners to out-of-state transfers without a delineated policy.

F. Declare that Corrections Corporation of America, Frank Luna, Karl Stansel, violated Bailey's constitutional rights.

G. Grant other relief as this court may find is just and proper.

Respectfully submitted this 1st day of September, 2005.

William R. Bailey-pro-se

(14)

EXHIBIT "A"
Page 14 of 14