Daniel P. Struck, Bar #012377
Jennifer L. Holsman, Bar #022787
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-7323

Attorneys for Defendants

Michael D. Corey, Bar #8511130
SANDBERG, WUESTENFIELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone:  (907) 276-6363

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| William R. Bailey,<br><br>        Plaintiff,<br><br> v.<br><br>Corrections Corporation of America, et al,<br><br>        Defendants, | Case No. A05-0172 CIV<br><br>(The Honorable William F. Morse) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Defendants State of Alaska, Mike Addington, Corrections Corporation of America, Frank Luna, Karl Stansel, Dr. Rebecca Bingham, Kenneth Braz, Clifford Simons and David Norcross, submit this Reply in Support of their Motion for Summary

1725271.1

Judgment and are entitled to judgment as a matter of law on both of Plaintiff's claims because: (1) Plaintiff is not and cannot be a third party beneficiary of the contract; (2) Plaintiff cannot establish a prima facie case for his "deliberate indifference" claims against Defendants; and (3) Plaintiff has conceded that he cannot establish a prima face case for his *Monell* claim or punitive damages against the Defendants.  Accordingly, Defendants respectfully request this Court grant summary judgment in their favor.

This Motion is supported by the attached *Memorandum of Points and Authorities* and the entire record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION.

Plaintiff alleges in his Response that Defendants violated his rights of "substantive due process" under the Fourteenth Amendment to bodily safety. (*See* page 3 of Plaintiff's Response).  Specifically, Plaintiff alleges that the Defendants "knew of Plaintiff's serious medical condition but took know (sic) steps to protect Plaintiff from either being sent to Arizona, or properly noting Plaintiff's medical condition" on a medical form.

Yet, Plaintiff later admits that he is making a "deliberate indifference" claim against the Defendants. For example, the Defendants were allegedly "deliberately indifferent" when "the two transport officers after picking Plaintiff up from Casa Grande Hospital in a cargo van that wasn't properly suited with a air-conditioner or ventilation, consistent with public transportation standards Plaintiff sought to be removed cause (sic) of the extreme heat, Defendants refused citing that Defendant Stansel, has a policy that, no incoming traffic during counts that wasn't deemed a priority." (*See* page 3 of Plaintiff's Response).

1725271.1

Regardless of whether Plaintiff is making a "deliberate indifference" claim against the Defendants related to his transfer to Arizona or after he was allegedly kept in a "hot van" for too long, Plaintiff must establish "deliberate indifference" under the 8th Amendment because he was a sentenced prisoner at the time of the alleged constitutional violation.[1]

Because there is no evidence that any Defendant was "deliberately indifferent" to his medical condition either before or after his transfer to Arizona, Defendants are entitled to judgment as a matter of law. In addition, Plaintiff is not a third party beneficiary and cannot recover for "breach of contract" against the Defendants. Finally, Plaintiff has conceded the remainder of the claims asserted in Defendants' Motion for Summary Judgment. As a result, Plaintiff's claims fail and Defendants are entitled to judgment as a matter of law.

## I. LEGAL ARGUMENT.

### A. Plaintiff's Breach Of Contract Claim Fails As a Matter of Law.

It is well settled that a person not a party to a contract cannot sue for breach of contract. Although Plaintiff alleges that he is a third party beneficiary to the contract between ADOC and CCA, he fails to allege or provide evidence that he actually is a party to the contract. As a result, Plaintiff's claim fails.

As outlined in Defendants' Motion for Summary Judgment, to bestow third-party beneficiary stature on a third-party status, the original contracting parties must have intended their contract to benefit the third-party claimant.[2] Generally, a party contracting

---

[1] The analysis for deliberate indifference is the same under the Fourteenth Amendment (non-sentenced inmates) and the Eighth Amendment (sentenced inmates). Accordingly, the Eighth Amendment is the proper legal standard for Plaintiff's claim.

[2] *Howell v. Ketchikan Pulp Co.*, 943 P.2d 1205, 1207 (Alaska 1997); *Kodiak Elec. Ass'n v. DeLaval Turbine, Inc.*, 694 P.2d 150, 154 (Alaska 1984); *State v. Osborne*, 607 P.2d 369, 371 (Alaska 1980).

with the government is not liable to members of the public because, unless the parties manifest a different intent within the contract, they are merely incidental beneficiaries.[3] Evidence of mere intent to benefit some third party is not enough; there must be affirmative language in the contract demonstrating the contracting parties' intent that the promisor will be held liable to specific third parties in the event of nonperformance.[4] Moreover, several courts, including Alaska Federal Court, have recognized that inmates are not third party beneficiaries to contracts related to their incarceration.[5]

In this case, CCA and the State of Alaska entered into a contract for the housing of Alaskan inmates at the Florence Correctional Center in Florence, Arizona. There is no contract provision relating to CCA's liability to inmates for breach. There also is no language which manifests a clear intent that inmates be designated as third party beneficiaries to the contract. Accordingly, Plaintiff is at best only an incidental beneficiary to the contract and has no right to seek enforcement for damages.

### B. Plaintiff Cannot Make a Prima Facie Showing of Deliberate Indifference to Medical Needs.

To state a valid 42 U.S.C. § 1983 claim, Plaintiff must establish that he suffered specific injury as a result of the specific conduct of the Defendants, and show an affirmative link between the injury and the conduct of the Defendants.[6]

---

[3] *Nguyen v. United States Catholic Conf.*, 548 F. Supp. 1333 (W.D. Pa. 1982), *aff'd.*, 719 F.2d 52 (3rd Cir. 1983); *Drummond v. University of PA*, 651 A.2d 572, 578 (Pa. 1994); Restatement (Second) of Contracts § 313(2)(a).

[4] *Drummond*, 651 A.2d at 579.

[5] *See Miller v. Corrections Corporation of America,* 375 F.Supp 2d. 889 (2005)*; Johnson v. Lark*, 365 F. Supp. 289 (E.D. Mo. 1973); *Clifton v. Suburban Cable TV Co. Inc.*, 642 A.2d 512 (Pa.), *cert. denied*, 115 U.S. 1152 (1994).

[6] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S.Ct. 598, 604-05, 607 (1976). It appears that Plaintiff has made a "deliberate indifference" claim in Counts 2, 3 and 5.

1725271.1                                    3

In this case, Plaintiff is unable to specifically connect any alleged wrongful conduct to any of the named Defendants or show an affirmative link between the injury and the Defendants conduct. Plaintiff is further unable to establish, through expert testimony or other medical evidence, that the Defendants *caused* an alleged medical condition. Accordingly, Defendants are entitled to judgment as a matter of law.[7]

As outlined in Defendants' Motion for Summary Judgment, Plaintiff makes assertions regarding why the Defendants were "deliberately indifferent" including: (1) the Defendants' alleged knowledge that the transportation van was "dangerous" to ride in; (2) Defendants' alleged knowledge that Plaintiff's medical condition "should have" stopped him from being transferred to Arizona; and (3) Defendants' alleged failure to complete a medical summary for the Plaintiff. Put simply, Plaintiff sets forth unsupported and undocumented assertions that are simply not substantiated by the evidence. For example, there is <u>no</u> evidence that the transportation van was "dangerous" to ride in. There is <u>no</u> evidence that Plaintiff had a medical condition that would have stopped him from being transferred to Arizona. There is <u>no</u> evidence that the Defendants incorrectly completed his medical summary prior to transfer. Accordingly, Plaintiff has failed to establish a *prima facie* case of "deliberate indifference"[8] toward the Plaintiff either before or after his transfer to Florence Correctional Center.

---

[7] A plaintiff must prove that alleged deliberate indifference to serious medical needs by correctional/medical officials caused injury to the plaintiff, worsened an existing condition or adversely affected a prognosis. *See Miller v. Michigan Dept. of Corrections Health Care Providers*, 986 F. Supp. 1078, 1081 (W.D. Mich. 1997); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997).

[8] Plaintiff must allege more than "an inadvertent failure to provide adequate medical care." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, to be actionable, the alleged conduct must be such that it is "repugnant to the conscious of mankind" or "incompatible with the 'evolving standards' of progress in a maturing society." Further, in *Farmer v. Brennan*, the United States Supreme Court held that a prison official cannot be found liable for "deliberate indifference" unless the official consciously knows of and intentionally disregards an excessive risk to inmate health or safety. 511 U.S. 825, 837 (1994).

1725271.1

1  Finally, there is no dispute that Plaintiff has never been told by any physician that the care or alleged lack of care by the FCC medical department *caused* or aggravated a prior injury of the Plaintiff. Instead, Dr. John O'Steen, Defendants' expert, opined that "following this second alleged event, which does not seem to have occurred as Mr. Bailey described it, he continued to receive adequate and appropriate health care at FCC in Arizona which clearly met the Standard of Care for this locale and this is well documented in his medical record."[9] Thus, Plaintiff's "deliberate indifference" claim lacks any merit and is not supported by the evidence.

As a result of Plaintiff's failure to establish a *prima facie* case of "deliberate indifference" against the Defendants through evidence, expert opinion or anything more than his unsupported assertions, Defendants are entitled to judgment as a matter of law.

### C. **Plaintiff Consents to Dismissal of His Claims.**

Alaska District Court, Local Rule 7.1(d), provides that "[f]ailure to include proper materials in support of…a motion as required by this rule subjects the motion to summary ruling by the court, (1) [i]f the failure is by the moving party, it may be deemed an admission that the motion is without merit, and if by the opposing party, that the motion is well taken."

In this case, Plaintiff's Response failed to address several of the claims made in Defendants' Motion for Summary Judgment. Because Plaintiffs failed to respond to Defendants' claims, the Court must assume that: (1) Plaintiff is unable to establish a *prima facie* case of *Monell* liability against the Defendants; and (2) Plaintiff is not entitled to punitive damages.

---

[9] *See* Dr. O'Steene's Expert Report, attached as Exhibit 2 to Defendants' Separate Statement of Facts.

1725271.1

Accordingly, this Court should treat Plaintiff's failure to respond to the above-identified claims from Defendants' Motion for Summary Judgment as consent to granting judgment as a matter of law on the claims.

## II. CONCLUSION.

Defendants respectfully request that their Motion for Summary Judgment be granted because: (1) Plaintiff is not and cannot be a third party beneficiary of the contract; (2) Plaintiff cannot establish a prima facie case for his "deliberate indifference" claims against Defendants; and (3) Plaintiff has conceded his claims under *Monell* and for punitive damages against the Defendants.

DATED this 27th day of December, 2006.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/Jennifer L. Holsman
Daniel P. Struck, Bar #012377
Jennifer L. Holsman, Bar #022787
2901 North Central Avenue,
Suite 800
Phoenix, Arizona  85012
Attorneys for Defendants

Michael D. Corey, Bar #8511130
SANDBERG, WUESTENFIELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone:  (907) 276-636

Attorneys for Defendants, *Corrections Corporation of America*

Original e-filed with the
Court this 27th day of December, 2006.

COPY mailed the same day to:

William R. Bailey
#25590
Springcreek Correctional Center
PO Box 5001
Seward, Alaska, 99664
*Plaintiff Pro Se*

/s/ Peggy Sue Trakes

1725271.1